# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

TRAY D. TURNER,                          )
                                         )
      Petitioner,              )
                                         )
v.                                       )      No.: 3:15-CV-114-PLR-HBG
                                         )
DEBRA JOHNSON, Warden,                   )
                                         )
      Respondent.              )

## <u>ORDER</u>

This state prisoner's pro se petition for a writ of habeas corpus, 28 U.S.C. § 2254, is before the Court upon his motion to appoint counsel [Doc. 14]. In his motion, Petitioner alleges that appointed counsel is necessary to establish cause and prejudice, since he is a layman who does not possess the specialized skills to proceed competently in this action [*Id.*].

To start, there is no constitutional right to counsel in habeas corpus proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, and we decline to so hold today.") (internal citation omitted); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (noting that "a petitioner does not have a right to assistance of counsel on a habeas appeal"). Instead, a court has discretion to appoint an attorney for indigent litigants, although the exercise of that discretion is justified only in exceptional cases, such as those which contain complex legal and factual issues and where a petitioner has a limited ability to present his claims to the court. *See Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) ("We take judicial notice

of the fact that courts within this circuit, absent extraordinary circumstances, do not appoint lawyers."); *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).

In the answer to the § 2254 petition, the Warden asserts that some of Petitioner's grounds for relief are procedurally barred [Doc. 8 p.2], but, in Petitioner's reply to the Warden's answer [Doc. 15], Petitioner relies on "*Martinez* and its progeny" to support his claim of cause, i.e., that ineffective assistance of his post-conviction counsel serves as cause to excuse his procedural default [*Id.* p.6]. Obviously, it is not necessary to appoint counsel to assist Petitioner in his effort to overcome the claimed procedural default, given that he has already asserted cause in his pro se reply.

The Court does not find this to be the exceptional case where a petitioner has a limited ability to present his claims to the court. For these reasons, Petitioner's motion for appointment of counsel [Doc. 14] is **DENIED** at this time, though this subject will be revisited in the event an evidentiary hearing is scheduled in this case. *See* Rule 8(c), Rules Governing Section 2254 Cases In The United States District Courts.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE